[Cite as *State v. Daniels*, 2015-Ohio-258.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14CA040025 |
| MICHAEL K. DANIELS | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 13 CRI 09 0402 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 21, 2015 |
| APPEARANCES: | |


| For Defendant-Appellant | For Plaintiff-Appellee |
|---|---|
| SCOTT A. WOLF | CAROL HAMILTON O'BRIEN |
| Firestone, Brehm, Wolf, Whitney & Young | Delaware County Prosecuting Attorney |
| 15 West Winter Street | Andrew M. Bigler |
| Delaware, Ohio 43015 | Assistant Prosecuting Attorney |
| | 140 North Sandusky Street, Third Floor |
| | Delaware, Ohio 43015 |

*Hoffman, P.J.*

{¶1}   Defendant-appellant Michael K. Daniels appeals his sentence entered by the Delaware County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On January 23, 2014, Appellant entered a plea of guilty to one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2913.16(B), a fourth degree felony.  Following the plea, the trial court ordered a presentence investigation report prior to entering a sentence.

{¶3}   On March 28, 2014, the trial court sentenced Appellant to the maximum prison term of eighteen months in prison.

{¶4}   Appellant appeals, assigning as error:

{¶5}   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING THE APPELLANT TO THE MAXIMUM PRISON TERM ON COUNT ONE.

{¶6}   In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

In applying *Foster* [*State v., 109 Ohio St.3d 1,* 2006–Ohio–856] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

{¶7}   In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶8}   This court recently reaffirmed this standard of review in a well developed analysis filed November 17, 2014 in *State v. Bailey,* 5th Dist. Ashland No. 14–COA–008, 2014–Ohio———, ¶ 18–24.

{¶9}   In determining a sentence, R.C. 2929.11 and 2929.12 require trial courts to consider the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See, State v. Mathis,* 109 Ohio St .3d 54, 2006–Ohio–855.

{¶10} Appellant maintains it is unclear whether the trial court herein considered the purposes and principles of felony sentencing.

{¶11} However, upon review, the trial court's March 31, 2014 Journal Entry specifically states the court has considered the purposes and principles of R.C. 2929.11 and the factors of 2929.12 in sentencing Appellant.  Furthermore, the sentence imposed by the trial court was within the range of possible sentences for a fourth degree felony.

{¶12} At the sentencing hearing, the trial court found Appellant committed the most serious form of the offense.  The court noted Appellant's previous conviction for a firearm offense, the fact the weapon in this case was loaded and reported stolen, Appellant's two previous bond violations for failure to appear, and a prior gun charge. The trial court cited Appellant's having been on community control as a result of a

weapons offense at the time the offense was committed herein, and acknowledged Appellant's terminations from community control in the past.

{¶13} We find the trial court properly considered the purposes and principles of R.C. 2929.11, as well as, the factors in sentencing Appellant. The sentence was within the range for a fourth degree felony. Further, the trial court considered Appellant's prior history, his conduct herein, and his likelihood to reoffend.

{¶14} Based upon the above, Appellant's sentence in the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J. and

Wise, J. concur